## Wytheville.

LEWIS v. BERRYVILLE LAND & IMPROVEMENT CO.

JUNE 14th, 1894.

ASSESSMENTS—*Defences—Subscriber—Transferee.*—Though in suit to collect assessments to corporate stock from subscriber, he may set up under Code, § 3299, the defences of failure of consideration, fraud in the procurement of the contract, or any other matter which would entitle him to relief in equity, yet, *held*, those defences are personal to him, and do not pass to the tranferee of the stock.

Argued at Richmond.    Decided at Wytheville.

Error to judgment of circuit court of Clarke county, rendered December 6, 1892, in an action by the Berryville Land and Improvement Company against W. T. Lewis, to recover four assessments on the stock of said company which said Lewis had purchased from Samuel McCormick, the original subscriber therefor. Judgment being against Lewis, he brought the case here on error and *supersedeas*. Opinion states the case.

*Moore & Koonslar* and *Barton & Boyd*, for plaintiff in error.

*M. McClannick* and *John J. Williams*, for defendant in error.

LACY, J., delivered the opinion of the court.

This action was trespass on the case in *assumpsit*. The declaration demands $206 for the price and value of goods sold

and delivered, and $206 for other goods bargained and sold, &c., as in the common count.

The second count sets forth that one Samuel McCormick bought —— shares of stock at the par value of $25 per share; that McCormick afterwards assigned 80 shares of this stock to the defendant, who, responding to four calls for assessments, had paid in part, but owed now $206 under last call.

To this the defendant tendered a large number of pleas, in substance setting up failure of consideration and breach of warranty.

The breach of warranty was as to such as were made to Mc-Cormick, the original subscriber, whose assignee the defendant was. The defendant moved to reject the pleas upon the ground that the warranty was alleged to have been to McCormick, and were personal to him, and did not pass to the defendant with the stock sold to him by McCormick.

The circuit court rejected the pleas, and there was judgment for the plaintiff. Whereupon the defendant applied for and obtained a writ of error to this court.

The defence set up is, as stated by the learned counsel for him in this court, " a total and complete failure of consideration, and an entire failure of consideration, and entire refusal, inability and disability of the plaintiff to perform on its part the promises and contracts made by the plaintiff." The defence is set up under the very general terms of the amended law, embodied in section 3299 of the Code of Virginia, of failure in the consideration, and breach of the warranty, fraud in the procurement of the contract, and any other matter which would entitle the defendant to relief in equity.

In a case where such injury has resulted to the defendant by the acts of the plaintiff, there can be no question raised as to the right to relief under this statute, when such is set up by plea and sustained by proof. But in this case the pleas charge the conduct complained of against another person than the plaintiff. There have been no contract relations between the

plaintiff and the defendant.    The stock was sold by the plaintiff to another person, and resold to the defendant, who is a transferer of the stock on which the calls are.    If there has been such conduct on the part of the plaintiff, it. was in its dealings with another stockholder, and if he has been injured he has demanded no redress.    The question raised is, can the defendant set up the supposed injuries of a third person ?

We are not called upon to decide more than was decided by the court below whose judgment we review, nor to suggest the proper remedy of any cause of action existing against the defendant for any other person.    It is there decided in substance that the defendant cannot set up such defence and his pleas are rejected.    And this is *not* error.    Cook on Stock and Stockholders, § 156, says upon the authority of *Duranty's Case*, 26 Beavan, 268, that a transferrer of the shares cannot bring the suit, the fraud is personal to the original subscriber.    We think this is right and must be affirmed.

JUDGMENT AFFIRMED.